UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMANDA LAWRIE-JONES,

        Plaintiff,

-against-

INTERMIX HOLDCO, INC. and WALTON RETAIL, LLC,

        Defendants.

Case No. 16 CV 6817

**COMPLAINT**

---

Plaintiff, AMANDA LAWRIE-JONES, (hereinafter the "Plaintiff"), by and through her counsel, Donald J. Weiss, Esq., hereby files this Complaint and sues INTERMIX HOLDCO, INC. ("Intermix"), a domestic corporation, and WALTON RETAIL, LLC (the "Owner"), a domestic limited liability company; Intermix and the Owner being hereinafter collectively known as "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

3. The premises where the events which gave rise to this lawsuit is known as 210 Columbus Avenue, New York, New York (the "Property").

4. Venue is proper in this Court as the Property is located in New York County.

5. The Defendants are authorized to conduct, and are conducting, business within the State of New York.

6. Upon information and belief, Intermix is the lessee and/or operator of a retail Clothing store (hereinafter, the "Clothing Store"), and the owner of the improvements at the Clothing Store, and maintains and controls the Clothing Store.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Clothing Store is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8. Upon information and belief, the Owner is the owner, lessor and/or operator of the Property where the Clothing Store is located, and allows and permits Intermix to occupy the Property.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Property is a public accommodation covered by the ADA and which must be in compliance therewith.

10. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

11. The Plaintiff is a bilateral amputee as a result of Scleroderma. As a result, Plaintiff is uses a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the Title III of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

## FACTS

12. Plaintiff shops and patronizes stores and restaurants in the neighborhood where

the Property is located and visits a friend who lives nearby. The last time Plaintiff visited the Clothing Store prior to the filing of this complaint was on June 14, 2016, however, because of the architectural barriers at the entrance to the Clothing Store (see Exhibit A), Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the Property.

13. Defendants' violations impede upon Plaintiff's right to travel free of discrimination.

14. Plaintiff enjoys shopping for the latest trends in clothing and, while that is just the type of clothing sold by Intermix, she is unable to independently shop at the Clothing Store and is deprived of the ability to partake of its goods and services as non-disabled patrons are able to..

15. Records of the NYC Department of Buildings are unclear but, upon information and belief, the Property has undergone substantial renovations since the implementation of the ADA.

16. Prior to commencement of this action, an investigation of the Property was conducted, which revealed the following, including the statutory violations[1] described (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

. The entrance to the Clothing Store is located in the middle of the storefront. There is a rise/step at this entrance of approximately 5 – 6 inches that prevents Plaintiff from entering in her wheelchair. The doors are recessed approximately 3 feet and open outward toward the sidewalk.

**Entrance Violations** (entry and egress):

a. Defendants failed to provide an accessible route from within the site from the sidewalk to the entrance in accordance with 206.2.1, and no accessible route connects all spaces and elements within the facility (206.2.4, 404 and 404.2).

---

[1] All of the statutes cited hereunder refer to the 2010 ADA Standards for Accessible Design.

b. There is no accessible entry door which complies with 404 and is on an accessible route complying with 402, as required by 206.4, 206.5.1 and 206.4.1.

c. Changes in level greater than ½ inch must be ramped. The step at the entrance is greater than ½ inch and is not ramped, and therefore violates 303.4, 403.4, 404 and 404.2.4.

d. The double doors at the entrance are part of an accessible route and do not have the required level maneuvering clearance in front of the door (302, 404.2.3, 404.2.4, 404.2.4.1, 404.2.4.3 and 404.2.4.4).

In the back of the Clothing Store there are dressing rooms for patrons to try clothes on prior to making purchases. None of the dressing rooms are set up to comply with ADA Standards and would prevent Plaintiff entry while in her wheelchair, so she would be unable to try on clothing.

**Dressing Room Violations:**

e. Intermix fails to provide a wheelchair accessible dressing room (803.1).

f. There is no turning space inside of the dressing room which would allow the Plaintiff in her wheelchair to close the drape while she changes/tries clothes on. (304, 803, 803.2)

g. The benches are small and not secured. The current benches do not allow for transferring from chair to bench (803, 803.1, 803.4, 903).

h. There is no bench inside any room which provides the required 42 inch length and 24 inch depth (903.3).

i. No room has a bench with a back provided or is affixed to the wall (903.4).

17. A photograph depicting the barrier at the entrance is annexed as Exhibit A.

## COUNT I - VIOLATIONS OF THE ADA

18. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

19. The ADA and the 2010 Standards for Accessible Design dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

20. The Plaintiff is informed and believes that the Property has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

21. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the Property, in violation of the ADA.

22. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Clothing Store.

23. Plaintiff visited the Clothing Store with the intention of enjoying Defendants' facilities, but was denied access to the Clothing Store, and therefore suffered an injury fact.

24. Plaintiff visits the neighborhood where the Property is located and will continue to visit the Property in the future, but continues to be injured and discriminated against due to the architectural barriers which remain at the Property, all in violation of the ADA.

25. There may be other current violations of the ADA at the Property, and only once a full inspection is done can all said violations be identified.

26.     To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

27.     The Defendants continue to deny Plaintiff, who wishes to enjoy the Clothing Store's goods and services, opportunities which are equal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

28.     Defendants could have removed some of the illegal barriers at the Clothing Store by ramping the step at the entrance and providing an ADA compliant dressing room.

29.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Clothing Store until the requisite modifications are completed.

## COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

30.     Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

31.     The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

NYC Admin. Code §8-107(4)(a).

32.     Defendants are in violation of the New York City Human Rights Law by

denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Property.

### COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

34. The New York State Human Rights Law provides:

> It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

NYS Exec. Law §296 (2)(a).

35. The Property is a place of public accommodation as defined in the New York State Human Right Law.

36. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

37. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Property.

### DAMAGES

38. The Plaintiff demands Two Thousand ($2,000.00) in compensatory damages based on the Defendant's violation of the New York City Human Rights Law and the New York State Human Rights Law.

## INJUNCTIVE RELIEF

39. Pursuant to 42 U.S.C. §1288, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Clothing Store until the requisite modifications are completed.

## ATTORNEY'S FEES, COSTS & COMPENSATORY DAMAGES

40. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

41. Plaintiff prays for judgment pursuant to N.Y. Exec. Law §297(9), including compensatory damages as provided for therein.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants jointly and severally and requests the following injunctive and declaratory relief:

a. The Court declares the Property owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

b. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

c. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time

to as to allow the Defendants to undertake and complete corrective procedures to the Property;

    d. The Court award Plaintiff such damages as are provided for under New York State Law;

    e. The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

    f. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: August 30, 2016

                                              Donald J. Weiss, Esq. (7619)  
                                              Attorney for Plaintiff  
                                              1 Penn Plaza, Suite 4701  
                                              New York, NY 10119  
                                              (212) 967-4440

# EXHIBIT A




